Opinion by McClelland, P. J. It was stipulated that the merchandise is in chief value of iron. It is obvious that it does not simulate to any degree a natural flower. The claim at 45 percent under paragraph 397 was therefore sustained. Abstract 37003 cited.

**No. 41607.**—Protest 446472–G of Tausig & Pilcer (New York).

Opinion by McClelland, P. J. It was stipulated that the merchandise consists of bottles, powder jars, toothbrush tubes, and soap tubes, which are hollow ware. The claim at 40 percent under paragraph 339 was therefore sustained.

**No. 41608.**—Protests 905649–G, etc., of Zunino-Altman (New York).

Opinion by McClelland, P. J. There was testimony that the merchandise is used in the manufacture of table decorations and Christmas-tree ornaments and does not represent or simulate any natural flower or fruit and is not used in the production of artificial flowers or fruits. The component material of chief value is conceded to be paper. The claim at 35 percent under paragraph 1413 was therefore sustained.

**No. 41609.**—Protest 904891–G of Titan Shipping Co., Inc. (New York).

Opinion by McClelland, P. J. In accordance with the report of the appraiser the special finishing cream in question was held dutiable at 20 percent under paragraph 1558. Abstract 35333 followed.

**No. 41610.**—Protest 872289–G of National Carloading Corporation (New York).

Opinion by McClelland, P. J. In accordance with stipulation of counsel and on the authority of *Mitsui* v. *United States* (T. D. 47761) the protest was sustained.

**No. 41611.**—Protest 836511–G of Ignaz Strauss & Co., Inc. (New York).

Opinion by McClelland, P. J. In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20), the bridge table paperweights in question were held dutiable as household utensils at 40 percent under paragraph 339 as claimed.

**No. 41612.**—Protests 830847–G, etc., of Ignaz Strauss & Co., Inc. (New York).

Opinion by McClelland, P. J. In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) the bridge table paperweights in question were held dutiable as household utensils, plated, at 50 percent under paragraph 339 as claimed.